[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Kensington, Connecticut on June 15, 1986. The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
There were no children issue of the marriage.
The plaintiff was 18 when they were married — the defendant was 29. It is obvious from the description of their life in the marriage that the plaintiff was too immature for the stress and problems of being a husband. He never matured during the short life of the marriage.
The plaintiff was a mason. The defendant was employed as a soft ware analyst of the Aetna Insurance Company.
The defendant owned a house before they were married, CT Page 7602 purchased by the defendant's savings and by money from her father. The plaintiff did not put any money into the purchase of the house.
The plaintiff wanted to own and operate a convenience discount store in Seymour so the defendant sold her house and set the plaintiff up in that business. The plaintiff apparently had no experience in running such a business and the venture did not prosper and it was sold. In September 1987, the plaintiff wanted to buy a 22 foot Sunrunner speed boat, so the defendant bought it for him. They both signed the note from which the money was obtained to pay for the boat. The plaintiff also wanted to own a truck and a riding mower and the defendant bought these for him.
The only asset the plaintiff brought into the marriage was a 1/6 interest in a house at 30 Oxford Road in Oxford. This had a value of $30,000.
The parties lived together for 3 years after being married but then the plaintiff left the defendant. He said they grew apart and did not do things together. He admitted he had been too young to get married. The plaintiff went to his family's house and then rented an apartment in Naugatuck. After about a year he called the defendant and they got back together. This lasted about a year and he left the defendant again. He had thought that things would change when they got back together but the things did not change.
The marriage broke down solely because of the plaintiff. He was immature and never grew up and the things the defendant bought for him did not keep him in the marriage.
The plaintiff asked the court to award him a truck which had been purchased during the marriage. He wanted the 1984 Ford pick-up (with its plow attachment) which he had used most of the time. He also asked that he be awarded alimony. That had not been claimed in the complaint but the court allowed it to be claimed orally during the trial. The 1984 pickup truck is awarded to him and the defendant shall sign any documents necessary to transfer title of it to him.
The defendant is awarded alimony in the amount of $55 a week to be paid commencing at once and to continue for 52 consecutive weeks. These terms are to be nonmodifiable.
The 22 foot Sunrunner speed boat and trailer shall be delivered by the plaintiff at once to some reputable boat dealer for sale by such dealer. The proceeds of the sale, after deducting the dealer's commission and expenses, if any, plus whatever is due on the note, shall be divided between the plaintiff and the defendant in proportion to the amounts of money each had paid towards reduction CT Page 7603 of the loan. If the proceeds of the sale do not pay for all these items, the plaintiff shall assume and pay for any balance due and shall indemnify and hold harmless the defendant therefrom and the plaintiff shall execute any documents necessary to transfer to the defendant as security for his obligation his interest in the house at 30 Oxford Road in Oxford and he shall not transfer or encumber said interest until this matter has been concluded.
Each party shall be responsible for and pay any debts owed by them during the marriage whether or not they are listed on their Financial Affidavits.
The plaintiff's interest in the house at 30 Oxford Road in Oxford shall hereby belong to him except as hereinbefore stated.
The 1987 Jeep Cherokee and the riding lawnmower shall belong to the defendant and the plaintiff shall sign any documents necessary to transfer title to these items to her.
Each party shall be responsible for and pay the fees due their attorneys in this proceeding.
The plaintiff may maintain medical insurance coverage through the defendant's employer, if available, in accord with any applicable law and at his sole expense.
The defendant may resume her maiden name of Carol Ann Habershon.
THOMAS J. O'SULLIVAN, STATE TRIAL REFEREE